IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ROGERS, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| GET GREEN RECYCLING, LLC | ) | Magistrate Judge: |
| and DANIEL MEYERS, | ) | |
| Defendants. | ) | |

## COMPLAINT

Now Comes Plaintiff Andrew Rogers ("Andrew") by and through his attorneys and for his Complaint against Defendants Get Green Recycling, LLC an Illinois limited liability company and Daniel Meyers, an individual, (collectively "Defendants") states as follows:

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq.

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 and for a supplemental Illinois statutory claim, pursuant to 28 U.S.C. § 1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Andrew performed work in this district. Defendants are residents of this district and Defendants are engaged in business in this district.

3. Defendant Get Green Recycling, LLC ("Get Green") an Illinois limited liability company, is involved in the recycling of metal and other goods for compensation. As such, Defendant's services qualify as an enterprise engaged in commerce as defined under the FLSA.

4. During all relevant times Defendant Daniel Meyers ("Meyers") owed Get Green and was acting directly or indirectly in the interest of the employer in relation to Andrew since Meyers could hire and fire employees, including Andrew; he hired Andrew; he set Andrew's

work schedule; and he determined Andrew's rate of pay. Therefore, as defined under both the federal and state statutes relied upon, Meyers is an "employer".

5. Plaintiff Andrew is a former employee who worked in Get Green's recycling shop. He performed various duties, as requested, such as loading materials into trailers, driving forklifts, fixing things that broker, and performing other various tasks.

6. As an employee performing duties specifically maintenance work for the shop, Meyers and Get Green were engaged in commerce as defined by the FLSA.

7. Defendants incorrectly misclassified Plaintiffs as an independent contractor.

8. Andrew was not exempt from receiving overtime pay.

9. Andrew worked more than 40 hours per week on countless occasions during the 3-year period prior to this complaint's filing. Andrew was not paid one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

10. For the vast majority of the work Andrew performed, he was paid between $700-$800 biweekly in violation of the minimum wage.

11. Andrew typically 12-hour days Monday through Friday. He also worked on weekends.

12. Andrew at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938**
**OVERTIME COMPENSATION**

13. Paragraphs 1 through 12 are re-alleged and incorporated as though set forth fully herein as paragraphs 13 of this Count I.

14. Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *el. seq.,* Andrew was

entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any week during the year preceding the filing of this action.

15. Defendants have at all times relevant hereto failed and refused to pay compensation to Andrew as described above.

16. In denying Andrew compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

17. Andrew is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, Andrew Rogers, individually, respectfully requests that this Court enter judgment in his favor and against Defendants Get Green Recycling, LLC, an Illinois limited liability company, and Daniel Meyers, jointly and severally, for unpaid overtime compensation, liquidated damages, pre-judgment interest, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### OVERTIME COMPENSATION

18. Paragraphs 1 through 17 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraph 18 of this Count II.

19. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 1LCS § 115/1.

20. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an

employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

21. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, Andrew Rogers, individually, respectfully requests that this Court enter Judgment in his favor and against Defendants Get Green Recycling, LLC, an Illinois limited liability company, and Daniel Meyers, jointly and severally, for unpaid overtime compensation, and al other relief available under the law including attorney fees and that this Court award all other relief it deems equitable and just.

Dated: February 10, 2016             Respectfully Submitted,

                                     By:   /s/ David Fish
                                           One of Plaintiff's Attorneys


**DEMAND FOR JURY TRIAL**

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400